J-A16001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN ALSTON, | |
| Appellee | No. 1469EDA 2013 |

Appeal from the Order Entered May 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015307-2012

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.:     **FILED AUGUST 17, 2015**

I respectfully dissent.   In my opinion, the traffic stop terminated once the officers cleared Appellee of wrongdoing and determined that he had no outstanding warrants. I agree with the suppression court's determination that the officers' further questioning as to whether Appellee had a weapon went beyond the scope of the routine vehicle stop, was a custodial interrogation, and thus required **Miranda** warnings.  The court's findings are supported by the record and its inferences and conclusions are reasonable. **See Commonwealth v. Smith**, 917 A.2d 848 (Pa. Super. 2007). Therefore, I would affirm the suppression court's order.

_____

[*] Retired Senior Judge assigned to the Superior Court.

As the majority points out, Officers Goshert and Thompson pulled Appellee over because his vehicle had dark-tinted windows and lacked a registration sticker. Appellee cooperated and provided the officers with the requested documents. The officers returned to their police car and, using various police databases, confirmed the validity of the documents. The officers also determined that Appellee had no outstanding warrants. Officer Goshert also checked Appellee's gun license status; this check indicated that Appellee's license to carry had been revoked, but did not indicate the reason.

At this point, the officers returned to Appellee's vehicle and asked him if he had a weapon. Appellee responded that he did. The officers ordered Appellee out of the car, found a weapon in the back pouch of the passenger seat and arrested Appellee. He was charged with carrying a firearm without a license and carrying a firearm in public in the City of Philadelphia.

At the suppression hearing, Officer Goshert testified that he had no reason to believe defendant was armed and dangerous; his inquiry was based solely on the database indicating a revoked license to carry a firearm. The officers did not know the reason why Appellee's license was revoked, and, as the concurrence notes, the mere fact of revocation does not create reasonable suspicion to search a vehicle. **See** Concurring Statement, at 2.

Here, the critical issue is whether the police conduct was calculated to, expected to or likely to evoke admission, and whether the conditions

"become so coercive as to constitute the functional equivalent of an arrest." **Commonwealth v. Johnson**, 541 A.3d 332 (Pa. Super. 1988); **Commonwealth v. Ellis**, 549 A.2d 1323 (Pa Super. 1988). "The standard for determining whether police have initiated a custodial interrogation or an arrest is an objective one, with due consideration given to the *reasonable impression conveyed to the person interrogated rather than the strictly subjective view of the troopers or the person being seized*." **Commonwealth v. Turner**, 772 A.2d 970, 973 (Pa. Super. 2001) (en banc) (emphasis added) (*quoting* **Commonwealth v. Edmiston**, 634 A.2d 1078, 1085–86 (Pa. 1993)). **See also Commonwealth v. Chacko**, 459 A.2d 311, 314 (Pa. 1983).

Given the scenario here, where a driver is stopped for tinted windows and the lack of a registration sticker, and where the documents are produced and validated and there are no outstanding warrants, and the officer returns and begins questioning the driver about weapons, I can only conclude that the officer's conduct was coercive and intended to evoke an admission. Should the circumstances exceed the scope of the traffic stop, inducing the driver "*to speak where he would not otherwise do so freely*," the officer's question may constitute a custodial interrogation and impose upon him a duty to administer **Miranda** warnings. **See Turner**, 772 A.2d at 977–78 (Lally–Green, Kelly, Johnson, Joyce, and Musmanno, JJ., concurring) (quoting **Berkemer v. McCarty**, 468 U.S. 420, 439–40, 104

S.Ct. 3138, 82 L.Ed.2d 317 (1984)) (emphasis added). Here, I believe the circumstances subjected Appellee to custodial interrogation, and that he was entitled to be apprised of his rights. Accordingly, the failure of the officers to administer **Miranda** warnings compels suppression.

I would affirm the suppression court's order.